

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:BGK
F.#2012R00797/NY-NYE-665Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 15, 2012

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Devon Daniels
           Criminal Docket No. 12-CR-0521(CBA)

Dear Chief Judge Amon:

    The government respectfully submits this letter in response to the Court's request for additional facts regarding the above-captioned case and its possible relation to United States v. Omar Berry, et al., No. 11-CR-489 (CBA) ("Berry, et al.").

Background

    On July 1, 2011, a grand jury sitting in the Eastern District of New York returned an indictment charging Omar Berry, Marcelyn Bourjolly, Jr., Stefon Clark, Guy Curtis, David Goldberg, Delon Hines and Ishmael Lambus with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Section 846. In January 2012, all the defendants plead guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. All the defendants have subsequently been sentenced to terms of imprisonment ranging from 60 to 78 months.

    On August 10, 2012, a grand jury sitting in the Eastern District of New York returned an indictment charging DEVON DANIELS with four counts of intentionally accessing a computer without authorization or exceeding authorized access, in violation of Title 18, United States Code, Section 1030(a)(2)(B), and four counts of providing false statements to law enforcement agents, in violation of Title 18, United States Code, Section 1001. Counts One through Four relate to DANIELS' unauthorized use of law enforcement databases to obtain information at the

2

request of Guy Curtis, the leader of the drug organization charged in Berry, et al. Counts Six and Seven of the indictment relate to false statements made by defendant DANIELS concerning matters involving the drug conspiracy charged in the indictment in Berry, et al.

Specifically, Count Six relates to false statements DANIELS made to law enforcement agents regarding funds DANIELS received on behalf of Guy Curtis in DANIELS' Bank of America financial account. DANIELS falsely represented to law enforcement agents that he had only received a few hundred dollars on behalf of Curtis in his Bank of America account. However, the investigation revealed otherwise. For example, after DANIELS provided his account information to Curtis, Curtis then provided this information to Jermaine Ward, a distributer of Curtis' heroin in Wichita, Kansas. Thereafter, Ward wired $3,500 to DANIELS' financial account as payment for heroin Curtis provided to Ward. DANIELS then withdrew the drug proceeds and gave it to Curtis. As a result, Count Six of DANIELS' indictment may be presumptively related to the drug conspiracy charged in the indictment in Berry, et al.

Count Seven relates to false statements DANIELS made to law enforcement agents concerning the arrest of one of Guy Curtis' associates, Ishmael Lambus. DANIELS falsely represented, among other things, to law enforcement agents that on April 29, 2011, he was not directed by Curtis to go to the arrest scene of Ishmael Lambus. Again, the investigation revealed otherwise. Specifically, the investigation revealed that Curtis informed DANIELS that one of Curtis' associates, Ishmael Lambus, was in the process of being arrested by New York City Police Officers. DANIELS, while driving one of Curtis' vehicles, immediately proceeded to the scene and surveilled the arrest of Lambus. Thereafter, DANIELS exited Curtis' vehicle and identified himself to the arresting officers as a New York City Police Officer. At that time, DANIELS inquired from the arresting officers about matters concerning the arrest of Lambus. Upon leaving the scene, DANIELS immediately reported that information to Curtis. As a result, Count Seven of DANIELS' indictment may be presumptively related to the drug conspiracy charged in the indictment in Berry, et al.

3

Conclusion

As the DANIELS case may be thus presumptively related to Berry, et al., on August 10, 2012 the government filed a letter notifying the Court. However, as Your Honor is aware, the DANIELS case was randomly assigned to Your Honor. Therefore, it appears that the relation matter is now moot.

                                                Respectfully submitted,

                                                LORETTA E. LYNCH
                                                United States Attorney

                                  By:      /s/
                                                Brendan G. King
                                                Assistant U.S. Attorney
                                                (718) 254-6006

cc:   Devian Daniels, Esq. (via ECF)